UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: )
)
JAMES DAVID WARNER ) CASE NO. 03-23237-AJM-7A
)
Debtor )

**ORDER DENYING TRUSTEE'S MOTION FOR TURN OVER /
MOTION TO COMPEL AND SANCTIONS /
MOTION FOR ORDER REQUIRING THE PRODUCTION OF DOCUMENTS**

This matter came before the Court on July 12, 2004 for hearing upon the Trustee's Motion for Turn Over/ Motion to Compel and for Sanctions/ Motion for Order Requiring the Production of Documents (the "Trustee's Motion") filed by the Trustee on May 12, 2004. The Trustee appeared by his counsel, Paul Gresk; the Debtor appeared by counsel Tom Scherer.

The Trustee's Motion alleged, in part, that the Debtor (1) failed to disclose certain assets, and (2) "grossly and intentionally understated his FY 2003 income". The Trustee contends that the Debtor was obligated to disclose on his Statement of Financial Affairs the income of his spouse who is not a debtor and "requests that the Court issue an order compelling debtor to amend his schedules and to fully disclose his financial affairs and to complete a disclosure of his assets... " The Trustee also objects to the Debtor's claim of exemptions and has sought turnover of the Debtor's non exempt assets. Finally, the Trustee seeks $1000 in sanctions.

The Debtor has amended his Schedules I and J which renders that part of the Trustee's Motion moot. The Trustee has failed to timely object to the Debtor's exemptions, and that part of the Trustee's Motion is denied. The only remaining issue

1

DOCUMENT NO. 27

is whether the Debtor should be ordered to amend his responses to questions 1 and 2 of the Statement of Financial Affairs by including his wife's income.

The overall introductory paragraph of the Statement of Financial Affairs reads as follows:

> This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. **If the case is filed under chapter 12 or chapter 13,** a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed...

The first two questions of the Statement of Financial Affairs require disclosure of income. The first question requires disclosure of "[i]ncome from employment or operation of business" and the second requires disclosure of "[i]ncome other than from employment or operation of business". Each of these questions contains its own paragraph that gives guidance on what information is to be disclosed with respect to that question.

The paragraph under question 1 (income from employment or operation of business) includes as its last sentence:

> If a joint petition is filed, state income for each spouse separately. **(Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)** (emphasis added)

The paragraph under question 2 (income from other than employment or operation of business) includes as its last sentence:

> If a joint petition is filed, state income for each spouse separately. **(Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)** (emphasis added)

A clear reading of this language indicates that a debtor must disclose his or her spouse's income whether or not a joint petition is filed *if the case is filed under Chapter 12 or Chapter 13.* Nothing in the plain and unambiguous language of the Statement of Financial Affairs puts a corresponding duty of disclosure on a chapter 7 debtor, and the Trustee has not pointed to any other authority which suggests that a chapter 7 debtor has such a duty. Accordingly the Debtor is not required to disclose his non-debtor spouse's income within his Statement of Financial Affairs.

Nearly every other question of questions 3 through 13 of the Statement of Financial Affairs follows this distinction and requires disclosure of information also relating to the non-filing spouse of a chapter 12 or 13 debtor, but has no similar disclosure requirement for a non-filing spouse of a chapter 7 debtor. [1] It is absolutely clear that when the debtor is filing individually under Chapter 7, he or she is not required to supply financial information with respect to his or her non-filing spouse, at least with respect to these questions on the Statement of Financial Affairs.

Given this fact, the Court hereby DENIES Trustee's Motion to the extent it seeks to compel the Debtor to amend his statement of financial affairs to include financial information with respect to his non-debtor spouse. The Court will not award sanctions against the Debtor.

---

[1] Besides questions 1 and 2, this distinction also appears in questions 3 (disclosure of payments to creditors, both 90 days and 1 year preceding the bankruptcy filing); 4 (disclosure of suits and administrative proceedings, executions, garnishments and attachments); 5 (disclosure of repossessions, foreclosures and returns); 6 (disclosure of assignments and receiverships); 7 (disclosure of gifts); 8 (disclosure of losses from fire, theft, other casualty or gambling within a year before filing); 10 (disclosure of other transfers of property, other than property transferred in the ordinary course of business); 11 (disclosure of closed financial accounts); and 12 (disclosure of safe deposit boxes); and 13 (disclosure of setoffs made by an creditor within 90 days of the filing).

DATE: JUL 2 3 2004

ANTHONY J. METZ, III, Judge
United States Bankruptcy Court

Distribution:
Thomas Krudy, Chapter 7 Trustee
Paul D. Gresk, Attorney for Chapter 7 Trustee
Tom Scherer, Attorney for Debtor
Nancy J. Gargula, United States Trustee

7/23/04